UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-21890-CIV-GRAHAM

CEFERINO PEREZ, et. al.,

    Plaintiffs

vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** came before the Court upon Defendant's Motion to Dismiss Plaintiffs' Complaint [D.E. 10].

**THE COURT** has considered the Motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

**I. FACTUAL BACKGROUND**

This is an action by Ceferino Perez and Aida Chaparro as personal representatives of the estate of Liz Marie Perez Chaparro, and as individuals alongside Amilkar Perez Chaparro ("Plaintiffs"), against Carnival Corporation ("Carnival"), to recover damages for the death of Liz Marie Perez Chaparro.

Plaintiffs were cruise ship passengers aboard the Victory, a ship owned by Carnival. On the first night of their cruise, an unidentified Carnival employee recommended that they visit Coki Beach and Coral World in St. Thomas, Virgin Islands. On July 12, 2010, while the ship was docked in St. Thomas, Plaintiffs

disembarked and traveled to Coki Beach. Plaintiffs elected not to participate in an excursion sponsored by Carnival and traveled to Coki Beach on their own. On their return trip to the ship, Plaintiffs rode in an open-air bus. The route the bus took passed by a cemetery where the funeral of a young man, who had been murdered in an apparent gang related shooting, was being held. Attendees parked their cars along the road, causing a traffic jam. Violence broke out at the funeral while the bus was stuck in traffic, and shots were fired. Plaintiffs' decedent was fatally shot while sitting on the bus.

On May 24, 2011, Plaintiffs filed a claim against Carnival alleging negligence and negligent infliction of emotional distress. On July 1, 2011 Carnival filed a motion to dismiss Plaintiffs' complaint alleging that Plaintiffs, among other things, failed to state a claim for negligence and negligent infliction of emotional distress.

## II. STANDARD OF REVIEW

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider allegations of the complaint as true, and accept all reasonable inferences." Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, L.Ed.2d 868 (2009) (quotations and citations omitted). For a claim to have facial plausibility, a Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Therefore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id.

III. DISCUSSION

A. Plaintiffs have failed to state a claim for negligence

Carnival alleges that Plaintiffs' Complaint fails to state a claim for negligence because it did not have a duty to warn Plaintiffs of the rising crime rates in St. Thomas. Carriers owe their passengers a continuing duty to warn them of dangers known to the carrier, or those dangers that a carrier reasonably should have known about. See Carlisle v. Ulysses Line Ltd. S.A., 475 So.2d 248, 251 (Fla. 3d DCA 1985). This duty "is limited to dangers known to exist in the particular place where the passenger is invited to, or reasonably may be expected to visit." Id. However, "merely because an accident occurs, a carrier does not become liable to a passenger." Luby v. Carnival Cruise Lines, Inc., 633 F.Supp. 40, 41 n.1 (S.D. Fla. 1986).

Plaintiffs contend that Carnival breached its duty to them because it knew or should have known about the crime wave that St. Thomas was experiencing, that Coki Beach and Coki Mall were dangerous locations known for drug sales, gang violence and other criminal activity, that the funeral of a deceased gang member was taking place close to Coki Beach, and that there was a high risk of an attempted gang revenge killing at the funeral, but failed to warn them of said dangers [Complaint ¶¶ 34-47].[1] In <u>Koens v. Royal Carribean Cruises, Ltd.</u>, Judge King dismissed a claim for negligence on similar facts. --- F.Supp. 2d ---, Nos. 10-24371, 10-24373, 2011 WL 1197642 (S.D. Fla. March 25, 2011). The plaintiffs in <u>Koens</u> were robbed at gunpoint while on an excursion purchased at the excursion desk aboard the defendant's ship. Notably, Judge King emphasized that "[p]ermitting Plaintiffs to proceed on their claim of negligence against Defendant solely because of the rising crime rate in Nassau would improperly expand a cruise line's duties to its customers." <u>Koens</u>, 2011 WL 1197642, *3. The same conclusion must be applied here.

Although Plaintiffs make every effort to fit their allegations to the standard described in <u>Carlisle</u>, many of the allegations Plaintiffs rely on are legal conclusions. While this Court laments the loss of such a young life, conclusions couched as factual

---

[1] Plaintiffs make a number of related allegations about what Defendant knew or should have known, but the Court declines to list each one.

4

allegations cannot be accepted as truth. <u>Iqbal</u>, 129 S.Ct. at 1950. The factual allegations in the Complaint are insufficient to establish that Defendant had a duty to warn Plaintiffs. <u>See, e.g.</u> <u>Joseph v. Carnival Corp.</u>, 2011 WL 3022555 (S.D. Fla. 2011)(dismissing negligence claim because general allegations regarding prior deaths are simply insufficient, even if taken as true, to impose a duty to warn). Accordingly, Count I of Plaintiffs' Complaint is dismissed.[2]

### B. Plaintiffs have failed to state a claim for negligent infliction of emotional distress

Carnival also moves to dismiss Plaintiffs' claim for negligent infliction of emotional distress, based on Plaintiffs' failure to establish Carnival's negligence. A claim for negligent infliction of emotional distress requires an act of negligence on Carnival's part, which has not been properly pled by Plaintiffs in this case. Accordingly, the negligent infliction of emotional distress claim is also dismissed.

### IV. CONCLUSION

Plaintiffs have failed to properly plead a cause of action for negligence against Carnival. Because a cause of action for negligent infliction of emotional distress relies on whether the

---

[2] Because it has granted Carnival's motion on other grounds, the Court declines to address Carnival's argument regarding the intervening act of the gang shooting.

defendant acted with negligence, this count must also be dismissed. Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint [D.E. 10] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that within fourteen (14) days from the date of the entry of this Order, Plaintiff shall file an amended Complaint. Failure to timely file an amended complaint shall lead to immediate dismissal of this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___ day of August, 2011.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record